*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-09-00754-CR

Sonia **WASHINGTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-11138
Honorable Philip A. Kazen Jr., Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed: February 10, 2010

DISMISSED

Appellant Sonia Washington pled guilty pursuant to a plea bargain agreement to possession

of a controlled substance, namely cocaine. As part of her plea bargain, appellant signed a separate

"Waiver of Appeal." The trial court imposed sentence and signed a certificate stating that this "is

a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the

right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant timely filed a notice of appeal, the

clerk sent copies of the certification and notice of appeal to this court. *See* Tex. R. App. P. 25.2(e). The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* Tex. R. App. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, and that the trial court denied permission to appeal. *See* Tex. R. App. P. 25.2(a)(2). After reviewing the clerk's record, the trial court's certification therefore appears to accurately reflect that this is a plea bargain case and appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d).

On December 18, 2009, we gave appellant notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing appellant has the right to appeal were signed by the trial judge and made part of the appellate record by January 19, 2010. *See* Tex. R. App. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing appellant has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

Do Not Publish